IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES J. M., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-CV-152-CVE-JFJ |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Before the undersigned United States Magistrate Judge for a report and recommendation are Plaintiff James J. M.'s Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA") ("Motion for Fees") (ECF No. 21). The Commissioner objects to the request for fees on grounds that his position was substantially justified but does not otherwise object to the amount of fees requested. ECF No. 22.

**I.      Background**

After the ALJ issued an unfavorable decision and the Appeals Council denied review, Plaintiff appealed to the district court, alleging that the ALJ erred in failing to properly consider the opinions of his treating physician, improperly assessing Plaintiff's obesity, and failing to perform a proper consistency evaluation. With respect to the treating physician evaluation, Plaintiff argued the ALJ improperly assigned "no weight" to a Mental Residual Functional Capacity Assessment ("MRFCA") and Mental Status Form completed by his treating physician W. John Mallgren, D.O. The ALJ rejected Dr. Mallgren's assessment of significant mental health limitations, giving five reasons for discounting the MRFCA and the Mental Status Form. The

Commissioner argued that the ALJ's assessment was proper, because the ALJ gave good reasons for declining to adopt Dr. Mallgren's more restrictive limitations.

The undersigned issued a Report and Recommendation ("R&R") on July 31, 2020, recommending that the ALJ's decision be affirmed.  The undersigned concluded that the ALJ's reasons for rejecting Dr. Mallgren's opinions were specific, legitimate, and supported by substantial evidence.  ECF No. 16.  Specifically, the undersigned found that the ALJ's reasons for assigning "no weight" to Dr. Mallgren's opinions were specific and legitimate, and that the ALJ's conclusion that Dr. Mallgren's opinions were inconsistent with Dr. Mallgren's own treatment notes and other medical evidence in the record was supported by substantial evidence.  The undersigned also recommended affirming the ALJ's decision on Plaintiff's other allegations of error.  Plaintiff objected to the R&R, arguing in relevant part that the undersigned erred by finding the ALJ had provided specific and legitimate reasons for rejecting Dr. Mallgren's opinions.  ECF No. 17.  He argued that the ALJ, considering all the relevant factors required for evaluating a treating physician opinion, should have accorded more weight to Dr. Mallgren's opinions.

Upon review, the district judge accepted Plaintiff's objections relating to the ALJ's evaluation of Dr. Mallgren's opinions, reversed and remanded the ALJ's decision, and rejected the R&R.  ECF No. 19.  The district judge found the ALJ erred, because he did not determine whether Dr. Mallgren constituted a treating physician, and because he provided reasons for rejecting Dr. Mallgren's opinion that were not supported by substantial evidence.  She found the ALJ had misconstrued Dr. Mallgren's opinion in part, and many of the remaining rationales for rejecting the opinions failed to constitute good reasons.  Because the district judge found that the ALJ's determination as to Dr. Mallgren's opinions was improper, she did not address Plaintiff's remaining objections.

**II.     Standard of Review**

Under the EAJA, a court shall award fees and other expenses to a "prevailing party" other than the United States, unless the court finds that the position of the United States was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The United States bears the burden of establishing that its position was substantially justified. *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988); *Kane v. Barnhart*, 249 F. Supp. 2d 1252, 1254 (N.D. Okla. 2003).

Under Tenth Circuit law, "position of the United States" means the position taken by the government in the civil action and the position taken during any underlying administrative proceedings. *Hackett v. Barnhart*, 475 F.3d 1166, 1172-74 (10th Cir. 2007); *see also Hadden*, 851 F.2d at 1267 ("The term 'position' includes the government's position in the underlying agency action and during any subsequent litigation."). Therefore, in order to meet its burden, the United States must show that its position was substantially justified throughout all stages of the proceedings. *Hackett*, 475 F.3d at 1172-74.

The position of the United States is "substantially justified" if it is reasonable in both law and fact. *Id.* at 1172. Stated differently, "the government's position must be 'justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "In determining whether the government's position was reasonable, the trial judge must make a separate review of the government's position to determine whether it was substantially justified." *Hadden*, 851 F.2d at 1267. The government's position need not be correct in order to be justified. *Hackett*, 475 F.3d at 1172. While the term "means . . . more than merely undeserving of sanctions for frivolousness," *Pierce*, 487 U.S. at 566, the standard falls short of requiring the government to prove that its decision to litigate was based on a "substantial probability of prevailing." *Hadden*, 851 F.2d at 1267-68. The government's success or failure on the merits at

earlier stages of the proceeding is relevant to whether its position is substantially justified, but it is not determinative. *Id*. at 1267.

### III. Undersigned Recommends Denying Motion for Fees

The parties do not dispute that Plaintiff is a "prevailing party" within the meaning of the EAJA, based on the reversal and remand of his case for further administrative proceedings. Further, the Commissioner does not assert any special circumstances that would make an award of fees unjust. However, the Commissioner argues that fees should not be awarded because his position defending the ALJ's decision before the district court was substantially justified. Specifically, the Commissioner contends that his position was justified to a degree that could satisfy a reasonable person because: (1) the undersigned found the ALJ's assessment of Dr. Mallgren's opinions was appropriate and supported by substantial evidence; and (2) the Commissioner's substantive arguments in support of affirmance, while not ultimately accepted by the district court, were justified and reasonable in fact and law.

The undersigned concludes the Commissioner met his burden of showing his position was substantially justified. The undersigned agreed with the Commissioner's position that the ALJ's analysis was proper and supported by substantial evidence. Although the district judge reached a different conclusion after a de novo review of the record, these differing conclusions illustrate that the Commissioner's position was justified to a degree that could satisfy a reasonable person. Under these circumstances, an award of EAJA fees is inappropriate. Therefore, the undersigned recommends that the Motion for Fees (ECF No. 21) be DENIED.

### IV. If Fees Are Awarded, Undersigned Recommends Finding Amount of Requested Fees Reasonable

Should the district judge decline to adopt the undersigned's conclusion regarding substantial justification, the undersigned makes the following additional findings regarding the

4

amount of fees requested. The undersigned does so in the interest of judicial economy and to avoid the need for further referral.

Only reasonable attorney fees may be awarded under the EAJA, and Plaintiff bears the burden of proving the reasonableness of the fees sought. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Plaintiff seeks a fee award of $7,947.70 for a total of 38.70 hours spent on this action. Plaintiff declined to bill for any additional time spent in preparing a reply brief regarding fee litigation. ECF No. 24 at 6-7. The Commissioner does not object to the amount of fees requested. The undersigned has reviewed the time records submitted by Plaintiff's counsel and finds them to be reasonable. Should the district judge award fees in this case, they should be made payable to Plaintiff, and mailed to counsel's address. *See Manning v. Astrue*, 510 F.3d 1246, 1254-55 (10th Cir. 2007). Further, if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. §406(b)(1), counsel should refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

## RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that Plaintiff's Motion for Attorney Fees Pursuant to the EAJA (ECF No. 21) be **DENIED**.

## OBJECTION

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma by June 15, 2021.

If specific written objections are timely filed, Federal Rule of Civil Procedure 72(b)(3) directs the district judge to

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*; *see also* 28 U.S.C. § 636(b)(1). The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for *de novo* review by the district court or for appellate review.

**SUBMITTED** this 1st day of June, 2021.

*[signature]*
**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**