UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| JAMES J. M., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 19-CV-0152-CVE-JFJ |
| ANDREW M. SAUL,<br>Commissioner of Social<br>Security Administration, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is the report and recommendation (Dkt. # 25) of the magistrate judge, recommending that the Court deny plaintiff's motion for attorney fees (Dkt. # 21) pursuant to the Equal Access to Justice Act ("EAJA") (Dkt. # 21) ("EAJA report and recommendation"). Plaintiff has filed a timely objection (Dkt. # 26) to that report and recommendation, and the Commissioner of the Social Security Administration (Commissioner) has filed a response (Dkt. # 27) to plaintiff's objection.

I.

The facts of this case are described in the Court's September 15, 2020 opinion and order (Dkt. # 19) ("September 2020 opinion") and will not be recited herein. As relevant here, plaintiff began receiving supplemental security income (SSI) in April 2009. Dkt. # 10, at 326. In December 2014, the Social Security Administration (SSA) conducted a Continuing Disability Review that indicated plaintiff did not show any medical improvement. Id. Plaintiff stopped receiving SSI at some point thereafter, likely because of plaintiff's incarceration in September 2014. Id. Plaintiff

was released from prison on August 3, 2016 and reapplied for SSI the following day. Id. Plaintiff's August 4, 2016 application for SSI benefits alleged he had been disabled since December 16, 2008. Id. at 167. Plaintiff's application was based on his bipolar disorder, depression, and agoraphobia. Id.

Plaintiff's August 4, 2016 application was denied initially and upon reconsideration. Id. at 66-76, 78-89, 99. Plaintiff requested a hearing before an administrative law judge (ALJ), and the hearing was held. Id. at 40. At the outset of the hearing, plaintiff's counsel noted plaintiff had previously been on SSI for his mental health problems. Id. at 48. Plaintiff's counsel stated it was his understanding that plaintiff's incarceration was due, in part, to his mental health issues; this point was later confirmed by plaintiff's testimony. Id.; id. at 60. Neither plaintiff's previous successful application nor notice of the termination of plaintiff's SSI benefits were in the record before the ALJ.

During the hearing, plaintiff stated that therapy (administered through Grand Lake Mental Health Center) and medication helped manage the symptoms caused by his mental illness. Id.; id. at 59. After the hearing, plaintiff submitted additional medical evaluations from Grand Lake Mental Health Center: a Mental Residual Functional Capacity Assessment (MRFCA) and a Mental Status Form (MSF), completed by Weldon John Mallgren, D.O., in July 2018. Id. at 20.

On August 21, 2018, the ALJ issued a written decision denying plaintiff's claim for SSI benefits. The ALJ found that plaintiff had two severe impairments–schizoaffective disorder of the bipolar type and obesity–but neither the impairments nor the combination of impairments met or exceeded the requirements to establish a Listing. Id. at 23. At step four of the analysis, the ALJ found that plaintiff had the residual functional capacity (RFC) to perform medium work as defined in 20 CFR 416.967(c) with exceptions. Id. at 25.

In determining plaintiff's RFC, the ALJ discussed the weight given to the evaluations provided by Dr. Mallgren. The ALJ afforded Dr. Mallgren's evaluations no weight, because the ALJ found Dr. Mallgren's reports, specifically the MRFCA and MSF, were highly inconsistent with other medical sources in the record, as well as difficult to decipher. Id. at 29-30.

Plaintiff requested review of the decision but the Appeals Council denied plaintiff's request. Thus, the ALJ's decision became the final decision of the Commissioner. Id. at 5-7. Plaintiff filed this case requesting judicial review of the denial, asserting that the ALJ improperly assigned no weight to the opinion of his treating physician, Dr. Mallgren. Dkt. # 12, at 2. The matter was referred to a magistrate judge for a report and recommendation. The magistrate judge recommended that the Commissioner's decision be affirmed, finding, among other things, that the ALJ's treatment of Dr. Mallgren's opinion was proper. Dkt. # 16, at 5-10.

On September 15, 2020, this Court rejected that report and recommendation and remanded the case. Dkt. # 19. Specifically, the Court found that the ALJ misapplied the law when evaluating plaintiff's treating physician's opinion. The September 2020 opinion noted that, under 20 C.F.R. § 404.1527 and Tenth Circuit law, the ALJ must complete a sequential two-step inquiry to evaluate a treating physician's opinion. The Court stated that, first, the ALJ must assess whether the medical opinion qualifies for "controlling weight," and, if it does not, the ALJ must then assess the opinion utilizing the factors set out in 20 C.F.R. §§ 404.1527 and 416.927, and Watkins v. Barnhart, 350 F.3d 1297, 1301 (10th Cir. 2003). Dkt. # 19, at 9-10.

The Court then found that, because the ALJ never made a determination as to whether Dr. Mallgren's opinion was entitled to controlling weight, the ALJ applied the incorrect legal standard to weighing his opinion from the outset. The Court stated that "[e]ven where the sole issue before

3

the court is 'whether remand is required due to the ALJ's failure to conduct a proper treating physician analysis' the court will remand on that determination." Id. at 10 (quoting Smith v. Colvin, No. 13-CV-0269-CVE-TLW, 2014 WL 2216998, at *4 (N.D. Okla. May 29, 2014)).

This Court additionally found that the decision to accord Dr. Mallgren's opinion no weight was not supported by substantial evidence. This was predominantly because the ALJ misinterpreted the forms Dr. Mallgren submitted to him. Those misinterpretations formed a substantial basis for the ALJ's opinion that Dr. Mallgren's opinions were not consistent with opinions of other physicians. Id. at 11. The Court went on to find the remaining reasons the ALJ gave for completely rejecting Dr. Mallgren's opinion were not adequate, especially in light of the two failings discussed above. Id. at 12-14.

In light of the above ruling, plaintiff submitted a motion for attorney fees pursuant to the EAJA (Dkt. # 21). The Commissioner objected to that motion (Dkt. # 22) on the basis that it was substantially justified in its position. The Commissioner did not object to the dollar amount requested. In its objection, the Commissioner further argued that "regardless of what other flaws the Court may have found in the ALJ's analysis," "consistency [alone] arguably constituted a good reason for" assigning no weight to Dr. Mallgren's opinions. Dkt. # 22, at 7.

This Court referred plaintiff's motion and the Commissioner's objection to the magistrate judge for a report and recommendation (Dkt. # 23). The magistrate judge then issued the EAJA report and recommendation (Dkt. # 25), recommending that plaintiff's motion for EAJA fees be denied. The magistrate judge explained that "the Commissioner met his burden of showing his position was substantially justified" because "[t]he undersigned agreed with the Commissioner's position that the ALJ's analysis was proper and supported by substantial evidence." Dkt. # 25, at

4

4. The magistrate judge found that "[a]lthough the district judge reached a different conclusion after a de novo review of the record, the[] differing conclusions illustrate that the Commissioner's position was justified to a degree that could satisfy a reasonable person." Id.

Plaintiff now objects to the EAJA report and recommendation. Dkt. # 26. Plaintiff argues that the fact that the Commissioner prevailed before the magistrate judge is not dispositive of the issue of whether his position is substantially justified. Dkt. # 26, at 5-6. Further, plaintiff argues that the ALJ's misapplication of law for evaluating a treating physician's opinion precludes a finding that the Commissioner's position was substantially justified, as no legal error can be substantially justified. Id. at 4-7.

The Commissioner responds (Dkt. # 27), that substantial evidence supports the ALJ's decision, even in light of the ALJ's misinterpretation of certain evidence. The Commissioner argues that the magistrate judge's agreement with that position indicates it is a reasonable one. For those reasons, the Commissioner argues that fees are not warranted under the EAJA. The Commissioner does not address how the ALJ's failure to conduct a treating physician analysis is not legal error or how such a legal error was reasonable or justified.

## II.

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. However, the parties may object to the magistrate judge's recommendation within 14 days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §

636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. Fed. R. Civ. P. 72(b).

### III.

Under the EAJA, a court shall award fees and other expenses to a "prevailing party" other than the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The United States bears the burden of establishing that its position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988); Kane v. Barnhart, 249 F. Supp. 2d 1252, 1254 (N.D. Okla. 2003).

"The position" of the United States includes arguments advanced by the Commissioner in civil litigation as well as Commissioner's determinations in the underlying administrative proceeding. Hackett v. Barnhart, 475 F.3d 1166, 1172-74 (10th Cir. 2007); see also Hadden, 851 F.2d at 1267 ("The term 'position' includes the government's position in the underlying agency action and during any subsequent litigation.").

In order to show that his position was substantially justified, the Commissioner must show his position has a "reasonable basis both in law and fact." Chester v. Apfel, 1 F. App'x 792, 794 (10th Cir. 2001)[1] (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). Where "the record reveals no reasonable legal basis for the ALJ's failure . . . the Commissioner can not show that his position was substantially justified, either in making the initial legal error or in arguing in the ensuing litigation that there was no error." Id. at 795.

---

[1] Unpublished opinions are not cited herein for precedential value but are cited for their persuasive value. See 10th Cir. R. 32.1.

"The government's success or failure on the merits at each level may be evidence of whether its position was substantially justified, but that success or failure alone is not determinative of the issue." Hadden, 851 F.2d at 1267; see also Gatson v. Bowen, 854 F.2d 379, 381 (10th Cir. 1988) (discrediting the argument that a position is substantially justified solely because it has been upheld by a district court) (citing Weakley v. Bowen, 803 F.2d 575, 579 (10th Cir. 1986)). "[T]he position of the United States is not shown to have been substantially justified merely because the government prevailed before the tribunal below . . . . If that were the rule, attorney's fees never could be awarded in favor of an appellant against the government." Weakley, 803 F.2d at 579 (quoting Broad Avenue Laundry & Tailoring v. United States, 693 F.2d 1387 (Fed. Cir.1982) (superceded on other grounds by statute)).

In his objection to plaintiff's motion for fees (Dkt. # 22), the Commissioner asserts the "Court found that the ALJ improperly assessed the opinions of [Dr. Mallgren], a treating physician, with respect to Plaintiff's mental residual functional capacity (RFC)." Dkt. # 22, at 4. The objection goes on to outline, in detail, the Commissioner's disagreement with the Court's assessment of the ALJ's analysis of Dr. Mallgren's opinions. Id. at 4-7. This analysis seeks to minimize the effect of the ALJ's misinterpretation of Dr. Mallgren's most recent reports and the resulting accidentally-created inconsistencies. It attempts to rectify the ALJ's misinterpretation of the evidence by demonstrating that other evidence in the record supports the ALJ's determinations, and so the ALJ's determinations–specifically, his assignment of no weight to Dr. Mallgren's opinions–are reasonable. The objection does not address the main issue noted in this Court's September 2020 opinion: neither

the ALJ nor the magistrate judge conducted the proper legal analysis required to assess a treating physician's opinion.[2]

The Commissioner's response to plaintiff's objection to the report and recommendation (Dkt. # 27) argues that its position that substantial evidence supports the ALJ's decision is reasonable and substantially justified. The Commissioner states that position is supported by the magistrate judge's agreement with the ALJ's assessment. The Commissioner's response also does not address the main issue noted in this Court's September 2020 opinion: neither the ALJ nor the magistrate judge conducted the proper legal analysis required when assessing a treating physician's opinion.

In the Court's September 2020 opinion the Court first explained that, by denying plaintiff's treating physician, Dr. Mallgren, the analysis afforded to treating physicians under 20 C.F.R. § 404.1527(b), the ALJ committed reversible error. Dkt. # 19, at 10. Yet, as noted above, neither the Commissioner's initial objection to plaintiff's motion for fees, nor its response to plaintiff's objection to the EAJA report and recommendation, address this holding. Because the Commissioner has not addressed why his position that omitting the proper treating physician analysis is reasonable under both facts and law, the Commissioner has not met his burden to show that his position was substantially justified.

---

[2] In his objection, the Commissioner also argued that "regardless of what other flaws the Court may have found in the ALJ's analysis," "consistency [alone] arguably constituted a good reason for" assigning no weight to Dr. Mallgren's opinions. Dkt. # 22, at 7. This is incorrect. As noted in the September 2020 opinion, "while the existence of inconsistent evidence, <u>without more</u>, allows an ALJ to determine that a treating physician's opinion is not entitled to <u>controlling weight</u>, the ALJ <u>may not rely solely on inconsistent evidence to determine that a treating physician's opinion is entitled to no weight</u> whatsoever." <u>Chandler v. Berryhill</u>, No. 17-CV-0306-CVE-FHM, 2018 WL 6251381, at *5 (N.D. Okla. Nov. 29, 2018) (emphasis added).

**IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 25) is **rejected in part**, as to the determination that the Commissioner's position was substantially justified, and **accepted in part**, as to the determination that the amount of fees is reasonable.

**IT IS FURTHER ORDERED** that plaintiff's motion for EAJA fees (Dkt. # 21) is **granted**, as this Court finds that the Commissioner did not show that the ALJ's misapplication of the law was substantially justified. A separate judgment is entered herewith.

**DATED** this 1st day of July, 2021.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE